VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-123



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

State of Vermont v. Justin Gamache\*

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Criminal Division
}  CASE NO. 1127-10-13 Bncr
   Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from orders denying several post-conviction motions.  We affirm.

In 2014, defendant was convicted of impersonating a public officer, 13 V.S.A. § 3002(1), after pleading guilty.  He served his sentence.  Since then, defendant has made numerous filings related to the conviction.  From 2017 to 2020, defendant filed seven successive motions to seal or expunge the conviction, all of which the trial court denied.  The court reasoned that this conviction was not eligible for sealing or expungement because it was a "predicate offense" that could be used to enhance the penalty for a future violation of the same statute.  See id. § 3002(2) (establishing greater sentence for second and subsequent offenses); id. § 7601(3), (4)(A)(v) (defining "predicate offense" and excluding predicate offenses from crimes eligible for expungement or sealing).  Defendant filed an eighth motion to expunge in March 2022, which the trial court again denied on the same basis.  Around the same time defendant filed a motion for discovery pertaining to expungement, which the court denied as moot given its denial of the expungement motion.  The court additionally noted that defendant had not cited any rule or statute allowing for discovery concerning an expungement motion.

In April 2022, defendant filed a motion to dismiss this criminal case.  The court denied it, explaining that defendant had pled guilty and served his sentence, and the motion cited no legal authority to support dismissal.  The court noted that to the extent defendant's motion could be considered a motion to withdraw his plea, he had not set forth any "manifest injustice" to support such a request.  See V.R.Cr.P. 32(d) ("If the motion is made after sentence, the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice.").

Defendant appeals the denial of his expungement motion, the related discovery motion, his motion to dismiss, and the closure of the case.  In his appellate brief, defendant argues that he did not impersonate a police officer in 2013.  He contends that his guilty plea was forced, that the

evidence against him was improper and insufficient, and that the trial court violated his constitutional rights. All of these arguments appear to relate to the underlying conviction, and not to the post-conviction orders currently on appeal. Defendant makes only vague reference to the orders on appeal and does not explain how the trial court erred in these orders.

Defendant bears the burden "to demonstrate how the lower court erred warranting reversal" and this Court "will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a) (appellant's brief shall contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes and parts of record relied on). His arguments are unsupported by citations to the record or law and focus on issues not germane to the orders currently on appeal. "Even with the wider leeway afforded to pro se litigants, [defendant's] argument[s] do[] not meet the minimum standards required by Vermont Rule of Appellate Procedure 28(a)(4)," so we cannot consider them. Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (quotation and citation omitted). Because defendant has not identified any potential error in the trial court's orders denying his motions for expungement, discovery, or dismissal, we affirm those orders.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice

2